```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                      v.                      **Hon. Hugh B. Scott**

                                                  11CR193S

ANTHONY AVERY,                                     **Order**
LINDA JOHNSON, et al.,

                      Defendants.

Before the Court is defendant Linda Johnson's (also known as Linda Crump) omnibus motion seeking various forms of discovery relief (Docket No. 19). Specifically, Johnson seeks Federal Rules of Evidence 404(b) and 609 disclosure; disclosure of Government informants; preservation of agents' notes; production of Brady material; and joining in codefendants' motions.

Motions at one point were due by December 19, 2011, with responses due January 9, 2012 (Docket No. 18). Johnson's motion was argued and deemed submitted on December 6, 2012 (text minute entry, Dec. 6, 2012). Also pending are the motions of defendants Anthony Avery (Docket Nos. 34, 76) and Spiwe Barnes (Docket Nos. 68, 74), which had further briefing and are scheduled for argument on December 21, 2012 (Docket No. 69). This Order will address most of Johnson's motion save where she joined in codefendants' motions; relief sought jointly will be considered separately as those motions are submitted.

The Government, in its response, served a cross-demand for Rule 16(b) discovery (Docket No. 39, Gov't Response at 8-9).

BACKGROUND

This is a drug possession conspiracy case. As alleged in the Superseding Indictment (Docket No. 56), Johnson was charged with conspiring (with Avery and Barnes) to possess with the intent to distribute 5 kilograms or more of cocaine, between January 2008 and June 14, 2011, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (id.).

DISCUSSION

I. FRE 404(b) and 609

Johnson first requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 19, Def. Atty. Affirm. ¶ 6). She seeks an advanced ruling on the use of her prior convictions (id. ¶ 4).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will produce it as ordered by the trial court (Docket No. 39, Gov't Response at 2). This **is sufficient** in this case. This Court will not determine the admissibility of prior bad act evidence, reserving that issue for the District Court prior to trial.

II. Disclosure of Government's Informants

Johnson next seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 19, Def. Atty. Aff. ¶ 7). The Government objects to identifying its informants at this time, concluding that defendants have not made the requisite showing that the informant's testimony is material to the defense presented and arguing that informants may be in danger if

2

identified given defendant's discussing killing a codefendant (Docket No. 39, Gov't Response at 2-3).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses. This request is **denied**.

III.  Preservation of Agents' Notes

Johnson next has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 19, Def. Atty. Affirm. ¶ 8, see United States v. Gullo, 672 F. Supp. 99, 105 (W.D.N.Y. 1987) (Elfvin, J)). The Government notes that agents will be instructed to preserve all items of evidence, although written notes later memorialized need not be preserved (Docket No. 39, Gov't Response at 4). This **suffices**.

IV.  Brady

Finally, Johnson seeks to have the Government disclose all materials potentially favorable to them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching

. . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Johnson's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which she seeks to obtain. The Government's response is that it notes its obligations and responsibilities under Brady and agrees to provide impeachment Brady material at the time it submits its Jencks Act material (Docket No. 39, Gov't Response at 5, 6-7).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for each defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.  Government's Reciprocal Discovery

The Government seeks to inspect and copy documents and other items in defendant Johnson's custody, possession or control (Docket No. 39, Gov't Response at 8), without any apparent objection by Johnson.  Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in her case-in-chief.  Defendant is reminded of her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 39, Gov't Response at 8-9) is **granted**.

## CONCLUSION

For the reasons stated above, so much of defendant Linda Johnson's motion (Docket No. 19) is **granted in part, denied in part**, as discussed in detail above.  The Government cross motion to compel reciprocal discovery (Docket No. 39, Gov't Response at 8-9) is **granted**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 17, 2012